**H. G. WEBER et al., Appellants,**

v.

**DERBY HOME IMPROVEMENT CO., Inc., Appellee.**

Court of Appeals of Kentucky.

May 15, 1959.

Allen Schmitt, Louisville, for appellants.

B. L. Shamburger, Louisville, for appellee.

STANLEY, Commissioner.

By this action the appellants, H. G. Weber and his wife, Sally B. Weber, sought to recover of the appellee, Derby Home Improvement Company, a total of $4,188.40 damages, representing the necessary cost to complete a job of repairing and remodeling their home under contract, charged to have been breached by the defendant, and certain small items of alleged incidental damages caused by the defendant's workmen.

The defendant stated it had substantially completed the job and had suffered certain damages in the aggregate of $4,700 by reason of having been prevented and prohibited by the plaintiffs from entering upon the premises and completing the work.

The case was submitted to the jury under instructions (1) to find for the plaintiffs not to exceed $4,188.40 upon a belief that the defendant had refused to complete the remodeling contract unless the jury believed that it had been prevented from doing so by the plaintiffs, and (2) to find for the defendant if the jury believed the plaintiffs had prevented or prohibited the defendant from completing the job, and $497 on its counter-claim for an unpaid balance due under the contract.

The jury found for the plaintiffs in the sum of $1,200 and expressly stated they found nothing on the counter-claim.

On the appeal the plaintiffs are claiming the award of $1,200 is too little. The grounds are essentially that a verdict in their favor should have been directed because of the absence of evidence that they had prevented the completion of the contract, and because the proof showed that a larger sum would be necessary to finish the job.

There is involved on the appeal, therefore, only the question of the sufficiency of the evidence introduced by the appellee, as defendant, to take the case to the jury on the issues stated. As in all cases of this kind, the testimony is replete with details and itemization, crimination and recrimination. A recitation of the evidence will avail nothing. The appellants have copiously quoted extracts from the record which sustain their claim and passed over probative adverse evidence. A party may not pick out and display delectable morsels and throw less choice parts under the table and expect the court not to see them. A full consideration of the record does not persuade us that the judgment should be reversed.

Judgment affirmed.